UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DANIEL GRAFT JACKSON, | : |
| Petitioner, | : |
| v. | : No. 2:19-cv-05664 |
| | : |
| MARK CAPOZZA, *et al.*, | : |
| Respondents. | : |

_____

**O P I N I O N**
Petition for Writ of Habeas Corpus, ECF No. 1 — Denied

**Joseph F. Leeson, Jr.**                                                              October 5, 2021
**United States District Judge**

**I.     INTRODUCTION**

This matter involves the Petition for a Writ of Habeas Corpus filed by *pro se* Petitioner Daniel Graft Jackson. Jackson asserts that he received ineffective assistance of counsel because his attorney failed to file a pre-trial motion to dismiss his case under Rule 600 of the Pennsylvania Rules of Criminal Procedure. Magistrate Judge David R. Strawbridge issued a Report and Recommendation, recommending Jackson's claim be dismissed for lacking merit. Jackson objects to the Report and Recommendation, largely asserting the same arguments made in his original petition.

Following de novo review, this Court adopts the Report and Recommendation in its entirety and incorporates the same herein. Jackson's petition is dismissed. This Court writes separately only to briefly address Jackson's objections to the Report and Recommendation.

**II.    BACKGROUND**

On August 18, 2016, Jackson was found guilty by a jury of burglary, criminal trespass, and theft by unlawful taking. *See* Report and Recommendation (R&R) 2, ECF No. 18. The

court sentenced Jackson to ten to twenty years' incarceration for burglary and a concurrent sentence of two to four years for theft by unlawful taking. *See id*. As a result, Jackson filed a Pennsylvania Post Conviction Relief Act (PCRA) Petition. *See id.* The PCRA court affirmed his conviction on July 11, 2017. *See id*.

Jackson next appealed to the Superior Court, which affirmed the PCRA court's decision on August 22, 2019. *See id.* Jackson then filed the instant petition, asserting ineffective assistance of counsel for failing to move for dismissal on Rule 600 grounds. *See* Pet., ECF No. 1.

The Philadelphia District Attorney's Office responded to the petition, arguing for its dismissal for lacking merit. *See* Resp., ECF No. 16. Magistrate Judge David R. Strawbridge issued a Report and Recommendation, finding that the petition lacked merit and recommending dismissing the petition in its entirety. *See* R&R 11. Jackson objects to the Report and Recommendation, largely restating the same argument he made to the state courts and in his original petition—that is, that his trial took place more than 365 days after the complaint was filed, and that his attorney was ineffective for not moving to dismiss his case under Rule 600. *See* Obj., ECF No. 21.

III.   **LEGAL STANDARDS**

   A.  **Petition for Writ of Habeas Corpus – Review of Applicable Law**

A "writ of habeas corpus is a procedural device" that, when available, assures "that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.C. 54, 58 (1968). When the claim presented in a federal habeas corpus petition has been adjudicated on the merits in the state courts, a federal court cannot grant habeas relief unless the state court adjudication resulted in a decision that was either "contrary to, or involved an

unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

When reviewing a writ of habeas corpus, the Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

### B. Ineffective assistance of counsel claim – Review of Applicable Law

Under the Sixth Amendment, a defendant has the right to "assistance of counsel." U.S. CONST. amend. VI. This right has been interpreted to mean that a defendant may call into question the result of his trial if his counsel did not provide "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To bring a successful ineffective assistance of counsel claim, a defendant must show both "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Id*.

### C. Rule 600 of the Pennsylvania Rules of Criminal Procedure – Review of Applicable Law

Under Rule 600 of the Pennsylvania Rules of Criminal Procedure, a defendant must be brought to trial "within 365 days from the date on which the complaint is filed." PA. R. CRIM. P. 600(A)(2)(a). Any period of delay of the proceedings caused by the commonwealth's failure to "exercise due diligence" is counted towards the 365-day limit. PA. R. CRIM. P. 600(C)(1). Conversely, where a delay is attributable to the Commonwealth, but the Commonwealth has shown it acted with due diligence that time is not counted towards the 365-day limit. *See id*. For example, time where the defendant is "unavailable, including any continuances the defendant requested" is not counted towards the 365-day limit. *Commonwealth v. Hunt*, 858 A.2d 1234, 1240 (Pa. Super. Ct. 2004). When a defendant moves to dismiss his case for failure to bring his case to trial within the 365-day limit, "the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and . . . the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Id*. (internal quotation marks and citation omitted).

IV.     DISCUSSION

The Magistrate's Report and Recommendation concludes that Jackson's petition lacks merit because "the state courts would not have found a Rule 600 violation to have occurred." R&R 10.  In his objections thereto, Jackson essentially repeats arguments he made to the state courts and in his original petition.  Specifically, he asserts that his original counsel was ineffective for failing to move to dismiss under Rule 600 because his trial commenced more than 365 days after the complaint was filed against him.

It is undisputed that Jackson's trial commenced more than 365 days after the complaint was filed.  Indeed, trial commenced 609 days after the complaint was filed because of continuance requests from both sides, two delays due to court unavailability, and a delay due to a co-defendant's unavailability.  R&R 7.  However, both the PCRA court and the Pennsylvania Superior Court reviewed this very issue, and both courts determined that there was no Rule 600 violation when considering excludable delays.[1]  Jackson disagrees; he asserts that certain delays were not excludable.  Specifically, he argues that a 105-day delay caused by joining his case with a co-defendant does not constitute excusable time under Rule 600.  Obj., 4.  Whereas the state courts classified the 105-day delay as excusable delay due to court scheduling, Jackson asserts that it should be attributable to the Commonwealth for failing to exercise due diligence.  Obj. 3.

Jackson's argument fails for three reasons.  First, he has not provided "clear and convincing evidence" that the 105-day delay was caused by the Commonwealth and not a heavily burdened court schedule as the Superior Court found it.  28 U.S.C. § 2254(e)(1).  Thus, to the extent that Jackson's objection regards a factual dispute, it fails because the state courts'

---

[1]     Whereas the PCRA court found that 409 days were excludable, the Superior Court found that 364 days were excludable.  *See* R&R n. 3–5.  Since the trial occurred within the 365-day time limit under either calculation, the difference is immaterial and is not further addressed in this Opinion.

factual findings are presumed correct, and Jackson has failed to overcome that presumption. *See id*.

Second, to the extent that Jackson's objection relates to the state courts' interpretation of state law, this Court cannot address it. The interpretation and application of Rule 600 is a state law matter, and state courts have already determined in Jackson's case that the 105-day delay was an excusable delay under the rule. *See Pulley v. Harris*, 465 U.S. 37, 41 (1985) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Indeed, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). "[T]o the extent [a petitioner's] ineffectiveness claim relates to an alleged violation of state speedy trial rules, the state court's determination that no violation of Rule 600 occurred under state law is binding on this court." *See Oyola v. Fisher*, No. CV 12-6093, 2013 WL 11271214, at *9 (E.D. Pa. July 24, 2013), *report and recommendation adopted*, No. 2012-CV-6093, 2016 WL 1043530 (E.D. Pa. Mar. 16, 2016).

Third, even assuming, *arguendo,* that the 105-day delay was not an excusable delay, there is still no violation of Rule 600. As the Report and Recommendation points out, Jackson's trial commenced 245 days after his arrest. R&R 8. Thus, Jackson's trial still commenced within the 365-day time limit even if the additional 105 days are attributable to the Commonwealth. For all the reasons stated above, this Court overrules Jackson's objection on the Rule 600 issue. Moreover, since Jackson's ineffective assistance of counsel claim is based on that settled state law issue, this Court adopts the Report and Recommendation dismissing Jackson's claim.

V.  **CERTIFICATE OF APPEALABILITY**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth above, Jackson has failed to make out a substantial showing of the denial of a constitutional right, nor would reasonable jurists find this Court's review of Jackson's claims debatable or wrong.  Therefore, a Certificate of Appealability shall not issue.

VI.  **CONCLUSION**

Jackson has failed to provide clear and convincing evidence that the state courts' factual findings were erroneous, and this Court cannot review the state courts' legal determination regarding state law.  Lastly, Jackson's trial commenced within the required time limit under Rule 600 even with the addition of the 105-day delay that Jackson disputes.  Therefore, Jackson's petition is without merit, and this Court adopts the Report and Recommendation and dismisses the petition in its entirety.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge